IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES EARL GUY, #9652

VS.                                                CIVIL ACTION NO. 2:12cv79-KS-MTP

CHRISTOPHER EPPS

<u>ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND PARTIALLY DISMISSING CASE WITH PREJUDICE, ETC.</u>

THIS MATTER is before the Court on Petition of James Earl Guy for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, and the Respondent's Motion to Dismiss [11] pursuant to § 2244(d). The Court has considered the motion and other pleadings and the record in this case and the Report and Recommendations of Magistrate Judge Michael T. Parker [17] and finds that the Motion to Dismiss [11] should be **granted in part and denied in part** as set forth herein.

I. PROCEDURAL HISTORY

On or about February 1, 1996, Petitioner James Earl Guy was convicted of armed robbery in the Circuit Court of Forrest County, Mississippi, and was sentenced on February 6, 1996, to thirty-seven years in the custody of the Mississippi Department of Corrections (MDOC).[1] Guy appealed his conviction and sentence to the Mississippi Supreme Court, and, on June 23, 1998, the Mississippi Court of Appeals affirmed the judgment of the circuit court. *Guy v. State*, 726 So. 2d 595 (Miss. Ct. App. 1998) (table) (Case No. 96-KA-00309-COA).

Guy submitted his federal Petition for Writ of Habeas Corpus [1] on or about May 7,

---

[1]*See* Petition [1]; Ex. 1 to Petition [1-1].

2012. In his petition, Guy states that is not challenging his conviction and sentence, only the calculation of his sentence by the MDOC. Petition [1] at 1. Guy raises the following grounds (as stated by Petitioner):

> (1) Whether the Petitioner is now serving an illegal sentence that should have expired based on the incorrect interpretation of the earned time afforded to Petitioner of the thirty-seven (37) years after the mandatory service of ten (10) years?
> (2) Whether Miss. Code Ann. §§ 47-5-138 and 47-5-139(1)(e) are interchangeable mechanisms?
> (3) Whether the term of thirty-seven (37) years or twenty-seven (27) years were (sic) imposed by the court upon Petitioner?
> (4) Whether the Petitioner is serving an illegal sentence now because the incorrect calculated totality of earned time afforded to Petitioner would have caused his present sentence to expire before alleged parole violation?
> (5) Petitioner is now serving an illegal sentence by the Mississippi Department of Corrections adding 1,466 days of "street time" to petitioner's tentative and maximum dates changing his quantum of punishment in violation of, but not limited to; U.S. Parole Commission 63 A.L.R. Fed. 328 at 28 C.F.R. § 2.52(c)(2) and Miss. Code Ann. § 47-4-27 (1972) as amended, House Bill No. 372.
> (6) Petitioner is now serving an illegal sentence by failure of the Mississippi Department of Corrections to award Petitioner meritorious earned time incentives (M.E.T.) for participation in approved work program in violation of, but not limited to; Miss. Code Ann. § 47-5-142(1)(2).

*See* Petition [1] and Amended Petition [6].[2]

---

[2]Guy essentially argues that the MDOC's sentence calculation is incorrect because it is calculating his earned time as a percentage of the twenty-seven years which remain on his sentence after he finished serving the first ten mandatory years of his sentence, rather than his thirty-seven year sentence. Guy complains that on his initial sentence computation, his tentative discharge date was February 9, 2013. Ex. A to Petition [1-2]. Subsequently, according to an inmate computation sheet dated December 7, 2003, he claims the MDOC wrongfully changed his tentative release date to February 8, 2018. Ex. C to Petition [1-4].

In Ground Four of his Petition [1] and Grounds Five and Six of his Amended Petition [6], Guy appears to argue that had the MDOC properly calculated his sentence, his sentence would have expired before his alleged parole violation; that the MDOC incorrectly added 1,466 days to his tentative release date rather than subtracting them; and that the MDOC failed to award him MET to which he is entitled. *See* Petition [1] and Amended Petition [6]. Guy was apparently released on parole on or about May 30, 2006, and was again incarcerated on or about February 2,

The procedural history surrounding Guy's claims is complex and spans a number of years.  Respondent submits that Guy first raised the issue of his earned time calculation in a "Notice of Motion" and "Petition for an Order to Show Cause" filed in the Greene County Circuit Court on July 2, 2004.  Ex. C to Motion [11-3].  After the Greene County Circuit Court dismissed the motion, Guy appealed the dismissal to the Mississippi Supreme Court.  On November 22, 2005, the Mississippi Court of Appeals filed a written opinion (case number 2004-CP-01979-COA) reversing and remanding the case back to the Greene County Circuit Court, finding that the circuit court improperly treated the motion as one for post-conviction collateral relief but that Guy's failure to exhaust his administrative remedies precluded consideration of his claims.[3]  The Court of Appeals stayed the proceedings of the Greene County Circuit Court for ninety days so that Guy could exhaust his administrative remedies.  Ex. D to Motion [11-4]; *Guy v. State*, 915 So. 2d 508 (Miss. Ct. App. 2005).

On January 13, 2006, Guy filed a "Motion to Proceed for Relief from Judgement and/or Order" in the Mississippi Supreme Court, stating that he filed his complaint with the MDOC Administrative Remedies Program (ARP) and it was dismissed,[4] and that he was now asking the court to address the merits of his claims.  Ex. E to Motion [11-5].  On February 1, 2006, the Mississippi Supreme Court dismissed the motion as improperly filed, finding that it should have

---

2010.  *See* Ex. D to Petition [1-5] at 1.

[3]Guy claimed he exhausted his administrative remedies but could not produce any proof due to numerous "shakedowns."  *Guy v. State*, 915 So. 2d 508, 510 (Miss. Ct. App. 2005).

[4]The Legal Claims Adjudicator stated in a letter dated December 6, 2005, that Guy had previously filed an ARP grievance on the same issue; thus, the grievance was not processed.  Ex. E to Motion [11-5] at 15.

3

been filed in the circuit court.  Ex. F to Motion [11-6].

On May 11, 2006, the Greene County Circuit Court entered an order stating that the stay ordered by the Court of Appeals had expired and there was no evidence before the court that Guy had exhausted his administrative remedies.[5]  The court granted Guy a twenty-day extension to supplement his petition by obtaining copies of the disposition of his original ARP regarding the calculation of his sentence.  Ex. G to Motion [11-7].  On June 20, 2006, the Greene County Circuit Court entered an order dismissing Guy's action because he never provided any further information regarding the completion of the ARP process.  *Id*. at 4.

In his current petition, Guy also references Case No. 2011-M-00830 filed in the Mississippi Supreme Court.  In that case, Guy filed an Application for Leave to Proceed in the Trial Court on June 16, 2011, raising issues substantially similar to those raised in the instant habeas petition.  *See* Ex. A to Motion [11-1].  On August 31, 2011, the Mississippi Supreme Court denied the application, holding that it did not make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5).  *See* Ex. B to Motion [11-2].

The Respondent contends that Guy's Petition was not timely filed and that it should be dismissed pursuant to 28 U.S.C. § 2244(d).

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v.*

---

[5]The court held that the letter dated December 6, 2005, from the Legal Claims Adjudicator rejecting Guy's grievance was insufficient.  Ex. G to Motion [11-7].

*Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

The basis for the Motion to Dismiss is that the one year statute of limitations pursuant to 28 U.S.C. §2254 ran prior to the filing of Petitioner's habeas petition. Judge Parker in his history and Movant in his Motion to Dismiss [11] go through calculations for the time that has elapsed since the conviction of Petitioner became final. It is clear that the one year statute of limitations has run.

In his Objections, Petitioner claims that there were errors affecting his fundamental rights that these should be excepted from the procedural bar. The statute of limitations, per § 2244(d), can be tolled for two reasons, statutory tolling or equitable tolling . The Report and Recommendation found that neither applied. In his Objections [21] Petitioner does not address these particular issues. However, he does address an issue which is of some concern to this Court. Petitioner was paroled and spent 1466 days under supervision while out on parole. The petitioner claims that he should be given credit toward his sentence for the 1466 days. There is a statute that is applicable to this, which is 47-7-27 of the Mississippi Code of 1972. Prior to

5

2012 he was not entitled to credit.  However, pursuant to Chapter 88 of the General Laws of the State of Mississippi, 2012, memorializing House Bill No. 372, the Petitioner is entitled to credit toward his sentence for the time he was on parole.  Irrespective of the Amended Statute, this Court's proceeding is barred by the applicable statute of limitations to which there is no exception to benefit the Petitioner.  The House Bill granting credit for time served on supervision is silent as to whether or not this law is retroactive in it's effect.  The case law in Mississippi is that the Petitioner is not entitled to credit for time spent on supervision.  *Segarra v. State,* 430 So. 2d 408, Miss., April 13, 1983.

However, this Court is bound to follow substantive law that applies to this case, which is the applicable statute of limitations.  Therefore, the Petitioner is barred by the one year statute of limitations under AEDPA and his Motion to Dismiss [11] is well taken as to Grounds 1, 2, and 3, and the Petition should be dismissed pursuant to § 2244(d) as to Grounds 1, 2, and 3 only.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Guy's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that James Earl Guy's claim as to Counts 1, 2, and 3, is dismissed with prejudice.  Grounds

4, 5, and 6 remain viable at this time.

      SO ORDERED this, the 22nd day of March, 2013.

                              *s/Keith Starrett*
                              UNITED STATES DISTRICT JUDGE