IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES EARL GUY, #59652                                                          PETITIONER

VS.                                                    CIVIL ACTION NO. 2:12-cv-00079-KS-MTP

CHRISTOPHER EPPS                                                                RESPONDENT

### MEMORANDUM OPINION AND ORDER

BEFORE THE COURT is the *pro se* petition of James Earl Guy for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Grounds One through Three of his original petition having already been dismissed, the Court now considers Grounds Four through Six. Having considered the submissions of the parties, the record of the state court proceedings, and the applicable law, the Court is of the opinion that Guy's request for relief pursuant to Grounds Four, Five, and Six should be **denied**.

### I. BACKGROUND

On or about February 1, 1996, Petitioner James Earl Guy was convicted of armed robbery in the Circuit Court of Forrest County, Mississippi, and was sentenced on February 6, 1996, to thirty-seven years in the custody of the Mississippi Department of Corrections (MDOC).[1] Guy appealed his conviction and sentence to the Mississippi Supreme Court, and, on June 23, 1998, the Mississippi Court of Appeals affirmed the judgment of the circuit court. *Guy v. State*, 726 So. 2d 595 (Miss. Ct. App. 1998) (table) (Case No. 96-KA-00309-COA). Guy submitted his federal Petition for Writ of Habeas Corpus [1] on or about May 7, 2012. In his petition, Guy states that is not challenging his conviction and sentence, only the calculation of his sentence by the MDOC. Petition [1] at 1. Guy raises the following grounds (as stated by Petitioner):

> (1) Whether the Petitioner is now serving an illegal sentence that should have expired based on the incorrect interpretation of the earned time afforded to Petitioner of the thirty-seven (37) years after the mandatory service of ten (10)

---

[1] *See* Petition [1]; Ex. 1 to Petition [1-1].

years?
(2) Whether Miss. Code Ann. §§ 47-5-138 and 47-5-139(1)(e) are interchangeable mechanisms?
(3) Whether the term of thirty-seven (37) years or twenty-seven (27) years were (sic) imposed by the court upon Petitioner?
(4) Whether the Petitioner is serving an illegal sentence now because the incorrect calculated totality of earned time afforded to Petitioner would have caused his present sentence to expire before alleged parole violation?
(5) Petitioner is now serving an illegal sentence by the Mississippi Department of Corrections adding 1,466 days of "street time" to petitioner's tentative and maximum dates changing his quantum of punishment in violation of, but not limited to; U.S. Parole Commission 63 A.L.R. Fed. 328 at 28 C.F.R. § 2.52(c)(2) and Miss. Code Ann. § 47-4-27 (1972) as amended, House Bill No. 372.
(6) Petitioner is now serving an illegal sentence by failure of the Mississippi Department of Corrections to award Petitioner meritorious earned time incentives (M.E.T.) for participation in approved work program in violation of, but not limited to; Miss. Code Ann. § 47-5-142(1)(2).

*See* Petition [1] and Amended Petition [6].[2]

The procedural history surrounding Guy's claims is complex and spans a number of years. Respondent submits that Guy first raised the issue of his earned time calculation in a "Notice of Motion" and "Petition for an Order to Show Cause" filed in the Greene County Circuit Court on July 2, 2004. Ex. C to Motion [11-3]. After the Greene County Circuit Court dismissed the motion, Guy appealed the dismissal to the Mississippi Supreme Court. On November 22, 2005, the Mississippi Court of Appeals filed a written opinion (case number 2004-CP-01979-COA) reversing and remanding the case back to the Greene County Circuit Court, finding that the circuit court improperly treated the motion as one for post-conviction

---

[2] Guy essentially argues that the MDOC's sentence calculation is incorrect because it is calculating his earned time as a percentage of the twenty-seven years which remain on his sentence after he finished serving the first ten mandatory years of his sentence, rather than his thirty-seven year sentence. Guy complains that on his initial sentence computation, his tentative discharge date was February 9, 2013. Ex. A to Petition [1-2]. Subsequently, according to an inmate computation sheet dated December 7, 2003, he claims the MDOC wrongfully changed his tentative release date to February 8, 2018. Ex. C to Petition [1-4].

In Ground Four of his Petition [1] and Grounds Five and Six of his Amended Petition [6], Guy appears to argue that had the MDOC properly calculated his sentence, his sentence would have expired before his alleged parole violation; that the MDOC incorrectly added 1,466 days to his tentative release date rather than subtracting them; and that the MDOC failed to award him MET to which he is entitled. *See* Petition [1] and Amended Petition [6]. Guy was apparently released on parole on or about May 30, 2006, and was again incarcerated on or about February 2, 2010. *See* Ex. D to Petition [1-5] at 1.

2

collateral relief but that Guy's failure to exhaust his administrative remedies precluded consideration of his claims.[3] The Court of Appeals stayed the proceedings of the Greene County Circuit Court for ninety days so that Guy could exhaust his administrative remedies. Ex. D to Motion [11-4]; *Guy v. State*, 915 So. 2d 508 (Miss. Ct. App. 2005).

On January 13, 2006, Guy filed a "Motion to Proceed for Relief from Judgment and/or Order" in the Mississippi Supreme Court, stating that he filed his complaint with the MDOC Administrative Remedies Program (ARP) and it was dismissed,[4] and that he was now asking the court to address the merits of his claims. Ex. E to Motion [11-5]. On February 1, 2006, the Mississippi Supreme Court dismissed the motion as improperly filed, finding that it should have been filed in the circuit court. Ex. F to Motion [11-6].

On May 11, 2006, the Greene County Circuit Court entered an order stating that the stay ordered by the Court of Appeals had expired and there was no evidence before the court that Guy had exhausted his administrative remedies.[5] The court granted Guy a twenty-day extension to supplement his petition by obtaining copies of the disposition of his original ARP regarding the calculation of his sentence. Ex. G to Motion [11-7]. On June 20, 2006, the Greene County Circuit Court entered an order dismissing Guy's action because he never provided any further information regarding the completion of the ARP process. *Id*. at 4.

In his current petition, Guy also references Case No. 2011-M-00830 filed in the Mississippi Supreme Court. In that case, Guy filed an Application for Leave to Proceed in the Trial Court on June 16, 2011, raising issues substantially similar to those raised in the instant habeas petition. *See* Ex. A to Motion [11-1]. On August 31, 2011, the Mississippi Supreme Court denied the application, holding that it did not make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5). *See* Ex. B to Motion [11-2].

---

[3] Guy claimed he exhausted his administrative remedies but could not produce any proof due to numerous "shakedowns." *Guy v. State*, 915 So. 2d 508, 510 (Miss. Ct. App. 2005).
[4] The Legal Claims Adjudicator stated in a letter dated December 6, 2005, that Guy had previously filed an ARP grievance on the same issue; thus, the grievance was not processed. Ex. E to Motion [11-5] at 15.
[5] The court held that the letter dated December 6, 2005, from the Legal Claims Adjudicator rejecting Guy's grievance was insufficient. Ex. G to Motion [11-7].

The Court has already dismissed the Petitioner's first three grounds as procedurally barred and allowed the Respondent to reply to the remaining grounds that Petitioner cites for habeas relief. The Respondent has submitted his answer, and the Court is now ready to render an opinion on the Petitioner's remaining claims.

## II. ANALYSIS

The Petitioner's claim is subject to the requirements set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). According to the AEDPA, any "person in custody pursuant to the judgment of a State court" can obtain relief in federal court only if the state court remedies have been exhausted. 28 U.S.C. § 2254(b). In order to fully exhaust the state court remedies the petitioner must allow the "state courts a *fair* opportunity to act on their claims." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). This is generally interpreted as presenting the claims to the highest state court in a proper manner. *Mercadel v. Cain,* 139 F.3d 271, 275 (5th Cir. 1999).

If the claims have been exhausted in state court, the AEDPA allows the federal court to grant relief only when the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Furthermore, as stated in 2254(d)(1), the Court's review is limited to United States Supreme Court decisions at the time of the state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision can be "contrary to" federal law for two reasons: (1) "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Id.* at 406. The "unreasonable application" exception is reserved for state court decisions that either identify the correct governing law but misapply it to the case, or fail to identify the correct governing law altogether. *Id.* at 407. An incorrect application of federal law is not enough to warrant reversal. The application of federal law by the state court must be both incorrect *and* unreasonable. *Garcia v. Dretke,* 388 F.3d 496, 500 (5th Cir. 2004). The federal court only reviews

the state court's conclusion when determining whether there has been an unreasonable application of federal law, not their process in reaching that decision. *Neal v. Puckett,* 286 F.3d 230, 246 (5th Cir. 2002).

Through the narrow lens of review allowed in such cases, the Petitioner's claim will be considered. The Court will focus on only "federal constitutional issues" that are raised. *Smith v. McCotter,* 786 F.2d 697, 700 (5th Cir. 1986). Having considered the submissions of the parties, the record and applicable law, the Court finds that the Petitioner's claim should be denied.

**A.      Ground Four**

The Court must first determine whether the Petitioner has exhausted his state remedies in a proper manner with respect to this claim. The Petitioner has in fact presented this claim to the Mississippi Supreme Court. On August 31, 2011, the Mississippi Supreme Court denied Petitioner's claim that included what is currently asserted as Ground Four. Exh. D to Response to Petition [27-4]. Because Ground Four was "adjudicated on the merits" by the state's highest court, this Court will review the state court's decision by the standard established in 28 U.S.C. § 2254(d).

In order to properly preserve federalism and comity, a federal habeas court is restricted in its review of a state court decision. A federal habeas court can only review the constitutional issues and the state court's application of federal law. Here, the Petitioner pleads this Court for relief that cannot be granted. The Petitioner argues that the state court has incorrectly applied state law. This argument is deficient for several reasons. First, as mentioned, this Court must refuse to review the state court's application of its own law, lest it become a "super state supreme court." *Skillern v. Estelle,* 720 F.2d 839, 852 (5th Cir. 1983); *Porter v. Estelle,* 709 F.2d 944, 957 (5th Cir. 1983); *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir. 1981); *Houston v. Estelle*, 569 F.2d 372 (5th Cir. 1978); *Martin v. Wainwright*, 428 F.2d 356, 357 (5th Cir. 1970). "A 'mere error of state law' is not a denial of due process." *Rice v. Byrd,* 2008 WL 2891075, at 3 (S.D. Miss June 20, 2008) (*quoting Engle v. Isaac,* 456 U.S. 107, 121 & n. 21 (1982)).  Second, even if the Court was to consider the issue, it cannot overturn a state court's decision for being incorrect. The application of law must be incorrect as well as unreasonable to warrant relief. *Garcia,* 388 F.3d at 500.

For the reason cited above, Petitioner's allegation of Ground Four is denied.

**B.     Grounds Five and Six**

The Petitioner fails to cross the threshold with the issues raised in Grounds Five and Six. Both of these claims are procedurally barred for failure to exhaust the state court remedies, pursuant to 28 U.S.C. § 2254(b). Petitioner did not allow the state court a "fair opportunity to act on [these] claims." *O'Sullivan,* 526 U.S. at 844. Because this Court is the first to see the claims, it cannot proceed to consider the merits.

Grounds Five and Six are unexhausted because the Petitioner failed to properly bring them in state court. Whether the Petitioner's claim has been procedurally barred in state court or simply yet to be exhausted matters not to this Court. To a federal habeas court "there is no substantial difference between nonexhaustion and procedural default." *Magouirk v. Phillips,* 144 F.3d 348, 358 (5th Cir.1998). Claims that have been procedurally defaulted are considered to be "technically exhausted." *Jones v Jones,* 163 F.3d 285, 296 (5th Cir. 1998). The Supreme Court in *Coleman v. Thompson* found that:

> "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer available to him. In the absence of the  independent an adequate state ground doctrine in federal habeas, habeas petitioners would be able       to avoid the exhaustion requirement by defaulting their federal claims in state court. The      independent and adequate state ground doctrine ensures that the States' interest in correcting their  own mistakes is respected in all federal habeas cases."

501 U.S. 722, 731 (1991) (internal citations and quotations omitted). Therefore, the Petitioner cannot submit his claim for review in federal court without first exhausting state court remedies.

Furthermore, the issues raised by the Petitioner in Grounds Five and Six are, once again, issues of state law that should be reserved for resolution by the state court. Had the state court been granted an opportunity to rule on the issue, this Court would respect their determination as comity demands. [6] Consequently, this Court will not grant the Petitioner relief where the state court has not had an opportunity to do so.

---

[6] The issue presented does not allege a decision that was "contrary to, or involved an unreasonable application of, clearly established federal law…" 28 U.S.C. § 2254(d)(1). This Court's review is limited to these specific parameters.

### III.  CONCLUSION

The Petitioner's remaining claims cited as Ground Four, Five, and Six are **dismissed with prejudice.** All other pending motions are denied as moot.  A separate Judgment shall be entered.

SO ORDERED this the 9th day of August, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE